IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM EPP, and<br>DUKHAN MUMIN, | ) <br> ) <br> ) | 4:16CV3176 |
| Plaintiffs, | ) <br> ) | MEMORANDUM<br>AND ORDER |
| v. | ) <br> ) | |
| SCOTT FRAKES, *et al.*, | ) <br> ) | |
| Defendants. | ) <br> ) | |

Plaintiffs, William Epp and Dukhan Mumin, filed their Complaint (Filing No. 1) on November 14, 2016, and subsequently were each granted leave to proceed in forma pauperis (Filing Nos. 10, 11). On January 9, 2017, Plaintiff Mumin filed a Supplemental Complaint (Filing No. 12). The court now conducts an initial review of Plaintiffs' Complaint and Plaintiff Mumin's Supplemental Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. SUMMARY OF COMPLAINTS

Plaintiffs are inmates at the Tecumseh State Correctional Center ("TSCI"). Defendants, who are sued in their individual and official capacities,[1] include:

1. Scott Frakes, director of corrections;
2. Daniel E. Bryan Jr., a judge in Johnson County, Nebraska;
3. Tim McLaughlin, a food service supervisor at the Hall County Law Enforcement Center ("HCLEC");
4. Caseworker Russ, a state representative of the Nebraska Department of Correctional Services ("NDCS");
5. Todd Bahensky, director of HCLEC;
6. Jack Zitterkopf, Hall County Attorney;

---

[1] Official titles or positions listed are as alleged in Plaintiffs' Complaint.

7. Tim McLaughlin, Food Service Director at HCLEC;
8. Scott Busboom, associate warden at TSCI;
9. Shaun Sherman, unit administrator at TSCI;
10. Diane Sabatka-Rine, deputy director for NDCS;
11. William Rothwell, deputy director for NDCS;
12. April Bulling-June, associate warden at TSCI;
13. Brad Hansen, warden at TSCI;
14. Keith Broadfoot, unit manager at TSCI;
15. Michele Capps, deputy warden at TSCI;
16. Brian Gage, warden at TSCI;
17. Frank Hopkins, deputy director for NDCS;
18. Michael Kenney, director of NDCS;
19. Doug Peterson, Attorney General;
20. Amie Larson, assistant attorney general;
21. Jeffre Cheuvront, a judge for Lancaster County, Nebraska;
22. Valorie Benedixen, Clerk of the Hall County District Court; and
23. Case Manager Shultz, a case manager at TSCI.

Plaintiffs also sue the Nebraska Department of Correctional Services, Hall County, and Lancaster County. In addition, they have named the State of Nebraska, Pete Ricketts, Steena Beltz, Chuck Glen (or Glenn), Joe Kelly, and Robin Spindler as Defendants, but have not identified any of them as parties to the suit in the body of the Complaint (Filing No. 1 at CM/ECF pp. 2-4). Allegations of the Complaint also mention a "Defendant Young," who is not named in the caption or otherwise identified as a party.

Plaintiffs allege eighteen claims in their Complaint, only five of which pertain to both of them. Claims affecting both Plaintiffs include allegations that:

1. There is inadequate ventilation in cells at TSCI (Filing No. 1, ¶¶ 80-81);

2. Water TSCI is contaminated with high concentrations of chlorine and fluoride (Filing No. 1, ¶¶ 132-138);

3. Years were added to Plaintiffs' sentences, which had been mistakenly calculated under habitual criminal statutes (Filing No. 1, ¶¶ 139-149);

4. NDCS regulations which do not allow inmates to receive free stamps for mailing service copies of legal documents are unconstitutional (Filing No. 1, ¶¶ 150-154); and

5. NDCS regulations which do not allow prisoners charged with a rule infraction to call witnesses, including the reporting employee, at a hearing are unconstitutional (Filing No. 1, ¶¶ 182-185).

Two claims in the Complaint are alleged solely by Plaintiff Epp, who contends that:

1. He has contracted with NDCS to receive a Buddhist religious diet but has been suspended from the program on four occasions for missing meals and has not been allowed to purchase food from outside vendors (Filing No. 1, ¶¶ 32-56); and

2. He was not allowed to have prisoners in Lancaster County transferred to Gage County to testify at his criminal trial (Filing No. 1, ¶¶ 168-181).

Finally, eleven claims in the Complaint are alleged solely by Plaintiff Mumin, who contends that:

1. Defendant Benedixen failed to notify him that his petition for a writ of habeas corpus was denied by the District Court of Hall County, so that he was unable to appeal the ruling, and Defendants Bahensky, Russ, and Zitterkopf arranged for him to be transferred from Hall County back to TSCI so that the writ would not be issued (Filing No. 1, ¶¶ 57-71);

2. Judge Byran refused to accept his petition for writ of habeas corpus while he was confined in Johnson County (Filing No. 1, ¶¶ 72-79);

3. Defendants Beltz, Busboom, Gage, Hansen, Sherman, Sabatka-Rine, Rothwell, Kenney, Hopkins, Bulling-June, Capps, Broadfoot, and Shultz have refused to promote him minimum custody status (Filing No. 1, ¶¶ 83-99);

4. He was terminated from a kitchen job by Defendant Busboom for circulating a petition which complained that certain prisoners preparing food had contagious diseases and open sores (Filing No. 1, ¶¶ 100-106);

-3-

5. His right to rehabilitation is being denied because Defendants Frakes and Ricketts are not using available federal funds (Filing No. 1, ¶¶ 107-110);

6. "Defendant Young" conspired with Defendants Bahenksy, Russ, and Zitterkopf to deprive him of his liberty by moving him out of Hall County and then using that as the basis to deny his petition for writ of habeas corpus (Filing No. 1, ¶¶ 111-114);

7. He became sick at the Hall County jail because he did not receive an adequate nutritional diet and was denied access to an outside exercise area (Filing No. 1, ¶¶ 115-126);

8. Defendant Kelly established a policy that indigent criminal defendants are required to make a preliminary showing of merit on their post-conviction motions without aid of counsel (Filing No. 1, ¶¶ 127-131);

9. A copy of a Nebraska court decision he received in the mail from a friend was confiscated (Filing No. 1, ¶¶ 155-160).

10. He was denied promotion to community custody by Defendants Spindler, Hopkins, and Kenney (Filing No 1., ¶¶ 161-165).

11. Judge Cheuvront granted Defendant Larson a continuance of Plaintiff's habeas corpus hearing in order to properly authenticate documents rather than granting the writ (Filing No. 1, ¶¶ 186-195).

Plaintiff Mumin alleges several additional claims in his Supplemental Complaint. as he seeks to recover damages from (1) Joe Kelly, the Lincoln Police (not named as a defendant), and the Lancaster County Sheriff (not named as a defendant) for seeking habitual criminal enhancements (a) because of his race or (b) because he refused to cooperate with them, (2) from a "corporal Underwood" (not named as a defendant) for retaliating against Mumin for filing grievances, and (3) from Platte County (not named as a defendant) for his exposure to mold in the showers at the Platte County Jail. He also makes a claim against the Nebraska Jail Standards Board (not named as a defendant) for unspecified relief related to his alleged exposure to mold. (Filing No. 12).

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiffs here allege federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free reign to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated. *Gresham v. Smith*, No. 1:16-CV-1402, 2017 WL 33567, at *3 (W.D. Mich. Jan. 4, 2017) (prisoners asserting unrelated claims could not join as plaintiffs in one action).

Rule 20(a)(1) of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in a single action if (i) they assert claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (ii) "any question of law or fact common to all plaintiffs will arise in the action." In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term "transaction." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010). As stated in *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974):

> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.
>
> Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

*Id.* at 1333 (citations omitted); *see* 7 Charles A. Wright et al., *Federal Practice and Procedure,* § 1653, at 415 (3d ed. 2001) (explaining that the transaction/occurrence

requirement prescribed by Rule 20(a) is not a rigid test and is meant to be "read as broadly as possible whenever doing so is likely to promote judicial economy.").

As detailed above, thirteen claims alleged in the Complaint, and all of the claims alleged in the Supplemental Complaint, are asserted by one Plaintiff only. These claims therefore do not provide a basis for Plaintiffs' joinder under Rule 20(a)(1). Although the other five claims allegedly involve both Plaintiffs, it does not necessarily follow that the same transaction or occurrence is involved in each claim. For example, while both Plaintiffs claim that NDCS regulations which do not allow inmates to receive free stamps for mailing service copies of legal documents interfere with their right of access to the courts, each Plaintiff must make a showing of actual injury in order to prevail on this type of claim. See Hartsfield v. Nichols, 511 F.3d 826, 831-32 (8th Cir. 2008) (denial of access to courts claim must be supported by showing actual injury). This makes joinder impractical. See Blood v. Fed. Bureau of Prisons, 351 F. App'x 604, 607 (3d Cir. 2009) (unpublished) (holding district court did not abuse its discretion in denying joinder of inmates' claims that prison officials disrupted their separate legal proceedings through postal interference because the alleged constitutional violations arose from separate occurrences and proving actual injury would necessarily require a separate factual inquiry into each of the plaintiffs' legal proceedings); Pope v. Miller, No. CIV-07-0284-F, 2007 WL 2427978, at *3 (W.D. Okla. Aug. 21, 2007) ("Allegations of actual injury in support of a denial of access to the courts claim necessarily vary from plaintiff to plaintiff and do not arise out of the same transaction or occurrence.").

Misjoinder of parties is not grounds for dismissal of an action, but "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

The court will sever William Epp's claims from Dukhan Mumin's claims by directing the clerk of the court to (a) open a new case file which lists Dukhan Mumin as the sole plaintiff, (b) copy all docket entries from the present file into the new case

file, (c) file this Memorandum and Order in both cases, and (d) terminate Dukhan Mumin as a party in the present case.

Each Plaintiff will be given 30 days in which to file an amended complaint on his own behalf, and the court will then review each amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiffs are advised that their amended complaints will supersede, rather than supplement, both the Complaint and the Supplemental Complaint.

The Complaint and Supplemental Complaint also violate Rule 20(a)(2) by alleging claims against multiple defendants that do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" and do not involve a "question of law or fact common to all defendants." Fed.R.Civ.P. 20(a). Unrelated claims involving different defendants belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

When preparing their amended complaints, Plaintiffs therefore will need to decide which claims to exclude from their respective cases in order to comply with Rule 20(a)(2). An excluded claim may be brought in new action, but a filing fee will be assessed for each new action. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action of files an appeal.").

IT IS THEREFORE ORDERED:

1. The clerk of the court is directed to (a) open a new case file which lists Dukhan Mumin as the sole plaintiff, (b) copy all docket entries from the present file into the new case file, (c) file this Memorandum and Order in both cases, and (d) terminate Dukhan Mumin as a party in the present case.

2. On the court's own motion, the court will give each Plaintiff 30 days in which to file an amended complaint that states a claim on which relief may be granted. Failure to file an amended complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff; and

3. The clerk of the court is directed to set the following pro se case management deadline in each case: April 6, 2017: check for amended complaint.

DATED this 7th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge